People v Ward (2019 NY Slip Op 01107)





People v Ward


2019 NY Slip Op 01107


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2015-05795
 (Ind. No. 2090/09)

[*1]The People of the State of New York, respondent,
v
Anthony Ward, appellant.


Arza Feldman, Uniondale, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Judith R. Sternberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Nassau County (Meryl J. Berkowitz, J.), dated May 27, 2015, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (George R. Peck, J.) rendered March 8, 2011, convicting him of burglary in the first degree, assault in the second degree, petit larceny, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, after a jury trial, of burglary in the first degree, assault in the second degree, petit larceny, and resisting arrest. The facts of this case are set forth in this Court's decision and order on the defendant's direct appeal from the judgment of conviction (see People v Ward, 116 AD3d 989). At trial, after the jury rendered its verdict, the People gave the defendant, for the first time, a copy of a crime scene examination report which contained a handwritten notation. The notation indicated that the defendant's cell phone, which had been recovered from the backyard of the complainant's house, had been "opened," approximately seven months prior to a court-ordered search of the phone, in order to find the phone's serial number located under the battery in the back of the phone. The notation, which did not appear on a copy of the document previously provided by the People, contradicted prior assurances by the People that no notations existed relating to the recovery of the phone, as well as testimony by the People's police witnesses that the phone was searched pursuant to a warrant.
Upon discovering this evidence, the defendant moved, prior to sentencing, pursuant to CPL 330.30 and 330.40 to set aside the verdict. The County Court denied the motion, and the denial was affirmed by this Court, which, without setting forth the factual details, determined that "the People's failure to disclose a particular document to the defense until after the trial [did] not warrant reversal, since [the defendant] failed to show that there was a reasonable possibility that the non-disclosure materially contributed to the result of the trial'" (People v Ward, 116 AD3d at 992, quoting CPL 240.75; see People v Jinghi Li, 104 AD3d 704, 705).
In November 2014, the defendant moved pursuant to CPL 440.10(1) to vacate the judgment of conviction, contending, among other things, that his cell phone was illegally searched. [*2]The County Court denied the motion, and the defendant appeals.
Pursuant to CPL 440.10(1), "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment" upon various grounds. The court must deny such a motion when "the ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue" (CPL 440.10[2][a]).
The defendant does not dispute that the issue raised in his CPL 440.10 motion was previously determined on the merits on his direct appeal from the judgment of conviction. Instead, he contends that since the time of this Court's determination, there has been a retroactively effective change in the law controlling the issue (see CPL 440.10[2][a]). Specifically, the defendant contends that, under Riley v California (_____ US _____, 134 S Ct 2473), the warrantless search of the cell phone violated the Fourth and Fourteenth Amendments to the United States Constitution and, as such, was illegal. We agree with the County Court that the defendant's reliance on Riley is misplaced.
The general rule regarding custodial searches is that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable' search under that Amendment" (United States v Robinson, 414 US 218, 235). However, the Supreme Court of the United States in Riley declined to apply this general rule where the search, incident to the defendant's arrest, was of a " smart phone,'" i.e., "a cell phone with a broad range of other functions based on advanced computing capability, large storage capacity, and Internet connectivity," seized from the defendant's pants pocket, and included a search of the phone's digital contents (Riley v California, _____ US at _____, 134 S Ct at 2480). The Court declined to extend Robinson's rule to searches of "digital content on cell phones," and held, instead, "that officers must generally secure a warrant before conducting such a search." The Court recognized that "[a] search of the information on a cell phone bears little resemblance to the type of brief physical search considered in Robinson" (Riley v California, _____ US at _____, 134 S Ct at 2484-2485; see Carpenter v United States, _____ US _____, 138 S Ct 2206, 2214).
Here, unlike in Riley, the subject was a physical search of the phone, in which the police opened the back of the phone and looked under the battery to obtain the phone's serial number. As such, the intrusion on the defendant's privacy was limited to the fact of his ownership of the phone, and did not implicate any of the aspects found to distinguish a digital search from a search of any other physical object (cf. Riley v California, _____ US _____, 134 S Ct 2473). Therefore, Riley did not effect a change in the law controlling the search at issue here.
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
Accordingly, we agree with the County Court's determination to deny the defendant's motion pursuant to CPL 440.10 (see CPL 440.10[2][a]).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court